UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **GARY FORD** § | | **CIVIL ACTION NO._____** |
| *Plaintiff* § | | |
| vs. § | | **JURY DEMANDED** |
| §  | | |
| **STRATEGIC CONTRACT RESOURCES , LLC** § | | |
| § | | |
| § | | |
| § | | |
| *Defendant* § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

I.   SUMMARY

1. Gary Ford ("Plaintiff") brings this action against Strategic Contract Resources, LLC ("Defendant") for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq.*

II.   THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff is an hourly employee of Defendant who performs employment duties for Defendant in Brazoria County, Texas.

3. Defendant has offices and does business in the Southern District of Texas, Galveston Division. Defendant Strategic Contract Resources, LLC can be served through Jerry Robinson, General Manager/Managing Partner, 5655 Lake Acworth Drive, Suite 350, Acworth, Georgia 30101.

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) and (c) because

Defendant does business in Brazoria County, Texas which is in the Southern District of Texas-Galveston Division. Moreover, this judicial district is where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

### III.   THE FACTS

6. Defendant is an international supplier of personnel to the petrochemical, oil & gas, water and wastewater, power, renewable power, and process industries. Its employees handle a wide variety of goods and/or services that have moved in interstate commerce.

7. Defendant does business in numerous states, including Texas. Its annual gross revenues exceed $500,000.00.

8. Plaintiff has been employed by Defendant as a Safety Representative within the past 3 years from the date of the filing of this Complaint.

9. Plaintiff is paid on an hourly basis and no part of Plaintiff's compensation is paid on a salary basis of at least $455.00 per week.

10. Plaintiff regularly works substantial hours for Defendant, well in excess of forty (40) hours per week. Plaintiff works approximately fifty (50) to seventy (70) hours per week for Defendant.

11. During his employment with Defendant, Plaintiff worked numerous hours and performed his employment duties for which he was not paid the appropriate and legally required overtime wages under the FLSA. Said duties were for the benefit of the Defendant and Plaintiff was required to perform those duties.

12. Prior to, and after the filing of Plaintiff's Complaint, Defendant continuously failed and/or refused to pay Plaintiff the overtime wages for the hours he worked in excess of forty (40) in a workweek although it was legally required to do so under the FLSA.

13. Rather, Defendant pays Plaintiff his straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate under federal law.

14. In this connection, payment of straight time wages to hourly workers for overtime hours worked (as is the case here) constitutes a willful violation of the FLSA as a matter of law. *See Reich v. Waldbaum, Inc.*, 52 F.3d 35, 41 (2nd Cir. 1995); *Brown v. L & P Industries, LLC*, 2005 WL 3503637 at *10-11 (E.D.Ark. 2005); *Hardrick v. Airway Freight Sys., Inc.*, 63 F.Supp.2d 898, 904 (N.D.Ill. 1999)("[U]nder the FLSA, if a covered hourly employee (such as Plaintiff(s)) works more than forty hours in a given workweek, such employee(s), *per se*, must be paid a rate not less than one and one-half times his regular rate of pay.")(citation omitted).

15. Defendant's illegal scheme and policy affects Plaintiff and other similarly situated current and former employees of Defendant.

16. Plaintiff is not legally exempt from receiving overtime wages under the FLSA or any United States Department of Labor regulation and no overtime exemption is applicable in this lawsuit.

## IV.    CAUSE OF ACTION

17. Plaintiff incorporates the preceding paragraphs by reference. Defendant did not pay Plaintiff the legally required overtime wages for all hours worked in excess of forty (40) in a workweek. In this regard, Defendant acted willfully or with reckless disregard as to whether its pay practices, scheme or policy complied with the FLSA.

18. The FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. The Defendant has failed to do so.

19. Defendant's willful failure to pay Plaintiff the legally required overtime wages for the weeks in which he worked in excess of forty (40) hours violates the FLSA.

20. Defendant is liable to Plaintiff for unpaid overtime wages.

21. Defendant is liable to Plaintiff for an equal amount of his unpaid overtime wages as liquidated damages.

22. Plaintiff is also entitled to recover all reasonable attorney's fees and costs incurred in this action. 29 U.S.C. § 216(b).

## V. JURY DEMAND

23. Plaintiff demands a trial by jury.

## VI. PRAYER

Plaintiff respectfully requests judgment in his favor awarding:

24. Unpaid overtime wages for each hour worked in excess of forty (40) in a workweek;

25. An equal amount as liquidated damages;

26. Reasonable attorney's fees, costs and litigation expenses;

27. Post judgment interest at the highest rate allowed by law; and

28. Such other and further relief as may be permitted or required by law.

Respectfully submitted,

By: /s/ Clark Woodson III
CLARK WOODSON III
601 East Myrtle
Angleton, Texas 77515
(979) 849-6080
(832) 202-2809
clark@woodsonlaborlaw.com
State Bar No. 00794880
S.D. Tex. No. 21481
**Attorney for Plaintiff**